## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DEBRA M. NORBERT,**

    **Plaintiff,**

**v.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

    **Defendant.**

**CIVIL ACTION NO. 2:17-cv-09321-SM-DEK**

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT** comes defendant, The Lincoln National Life Insurance Company ("Lincoln"), by and through its undersigned counsel of record, and hereby answers Plaintiff's Complaint as follows:

1. Lincoln admits that plaintiff Debra M. Norbert ("Plaintiff") asserts a claim under ERISA for long term disability benefits. Lincoln denies that Plaintiff is entitled to the relief requested or the benefits sought.

2. Upon information and belief, Lincoln admits that this Court has jurisdiction and venue.

3. Upon information and belief, Lincoln admits that Plaintiff is an employee of New Orleans Country Club in New Orleans, Louisiana. Lincoln further admits that it issued a long term disability insurance policy (the "Policy") to New

Orleans Country Club. Lincoln states that the Policy speaks for itself. Lincoln is without sufficient information to admit or deny the remaining allegations of paragraph 3 and, therefore, denies them.

4. Lincoln admits that it is a foreign corporation authorized to do business in Louisiana. Lincoln states that it is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located in Radnor, Pennsylvania. Lincoln denies the remaining allegations of paragraph 4.

5. Lincoln admits that it issued the Policy. Lincoln states that the Policy speaks for itself.

6. Lincoln states that federal law speaks for itself. Lincoln denies all allegations of the complaint to the extent that they contradict or mischaracterize federal law.

7. Lincoln is without sufficient information to admit or deny the allegations of paragraph 7 and, therefore, denies them. Lincoln states that Plaintiff's medical records speak for themselves. Lincoln specifically denies that Plaintiff is disabled as defined under the Policy.

8. Lincoln denies the allegations of paragraph 8.

9. Lincoln states that Plaintiff's Social Security records speak for themselves. Lincoln denies the allegations of paragraph 9 to the extent they

contradict or mischaracterize those records.

10. Lincoln admits that it denied Plaintiff's claim for benefits. Lincoln denies the remaining allegations of paragraph 10.

11. Lincoln admits that Plaintiff appealed the denial of her claim and that Lincoln upheld its denial. Lincoln states its claims decision was proper based on the terms of the Policy. Lincoln further states that the claim file speaks for itself. Lincoln denies the allegations of paragraph 11 to the extent they contradict or mischaracterize the claim file.

12. Lincoln denies the allegations of paragraph 12. Lincoln states that the claim file speaks for itself.

13. Plaintiff's administrative record speaks for itself. Lincoln denies that Plaintiff is entitled to the requested relief.

14. Lincoln denies the allegations of paragraph 14.

15. Lincoln denies the allegations of paragraph 15.

16. Lincoln denies the allegations of paragraph 16.

17. Lincoln admits that it administers claims and pays benefits. Lincoln denies the remaining allegations of paragraph 17.

18. Lincoln denies the allegations of paragraph 18.

19. Lincoln denies the allegations of paragraph 19.

20. Lincoln denies the allegations of paragraph 20.

21. Lincoln denies the allegations of paragraph 21.

22. Lincoln admits that it denied Plaintiff's claim. Lincoln denies the remaining allegations of paragraph 22.

23. Lincoln denies that Plaintiff is entitled to the requested relief.

24. Lincoln denies that Plaintiff is entitled to the requested relief.

25. There are no allegations contained in the paragraph numbered 25.

To the extent that there are allegations against Lincoln contained in the paragraph entitled "wherefore," including subparts (1) through (4), Lincoln denies that Plaintiff is entitled to the requested relief or any other legal or equitable remedy of any kind.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### **SECOND DEFENSE**

Plaintiff's claims are barred by the terms of the Policy.

### **THIRD DEFENSE**

The terms and conditions of the Policy speak for themselves, are plain and unambiguous, and must be afforded their proper contractual language interpretation.

Plaintiff is bound by the terms and conditions of the Policy.

**FOURTH DEFENSE**

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, exclusions and offset provisions as provided for in the Policy.

**FIFTH DEFENSE**

This action is barred because Plaintiff has not been damaged by any conduct of Lincoln.

**SIXTH DEFENSE**

Lincoln's conduct at all times material hereto was reasonable and in good faith.

**SEVENTH DEFENSE**

Plaintiff's claims are barred because the claim determination was correct and was not arbitrary and capricious.

**EIGHTH DEFENSE**

Lincoln reserves the right to assert additional defenses as discovery progresses in this case.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant prays that this Court dismiss the *Complaint* filed by Plaintiff and grant any just relief to which Defendant may be entitled.

/s/ *Blake B. Goodsell*
Blake B. Goodsell (#33156)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8810
Facsimile: (205) 488-6810
bgoodsell@bradley.com

*Attorney for The Lincoln National Life Insurance Company*

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2017, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Reagan L. Toledano (La. 29687)(T.A.)
James F. Willeford (La. 13485)
Willeford & Toledano
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com

/s/ *Blake B. Goodsell*
OF COUNSEL